UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILBERT R. HOLMES, ) <br> ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RV RETAILER, TEXAS, LLC D/B/A ) <br> MOTOR HOME SPECIALIST, ) <br> ) <br>       Defendant. ) <br> ) | Case No.: 2:21-cv-00547-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Plaintiff Wilbert Holmes's ("Plaintiff's") Motion to Reopen Case, (ECF No. 18).[1] Defendant RV Retailer, Texas, LLC d/b/a Motor Home Specialist ("Defendant") filed a Response, (ECF No. 19). Plaintiff did not file a Reply. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Reopen Case.

I.    <u>**BACKGROUND**</u>

This case arises from the allegedly wrongful and unlawful sale of Class A Motorhome. (Compl., Ex. 1 to Pet. Removal, ECF No. 1-2). Plaintiff alleges that Defendant sold him a dangerous and unworthy vehicle, which caused Plaintiff to suffer physical harm, insult, humiliation, embarrassment, mental anguish and distress. (*Id*.).

On May 8, 2020, Plaintiff filed the instant case in the Eighth Judicial District, alleging bodily endangerment, violation of Lemon Law, and intentional infliction of emotional distress. (*See id*.). Defendant thereafter removed the case to federal court. (*See* Pet. Removal, ECF No. 1). On April 9, 2021, Defendant moved to dismiss the Complaint, alleging lack of personal

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court liberally construes his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

jurisdiction and failure to state a plausible claim. (*See* Mot. Dismiss, ECF No. 7). Plaintiff did not file a Response. On October 5, 2021, this Court granted Defendant's Motion to Dismiss as unopposed pursuant to Local Rule 7-2(d). (*See* Min. Order, ECF No. 16). Plaintiff thereafter filed the instant Motion to Reopen Case, (ECF No. 18).

## II. **LEGAL STANDARD**

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

### III. DISCUSSION

Plaintiff requests the Court reconsider its decision granting the Motion to Dismiss, (ECF No. 16). (*See* Mot. Reopen Case, ECF No. 18). Plaintiff asserts that "he did not receive any notices of the proceedings of the matter as [he] was extremely ill and hospitalized during the deadline to file a response, April 26, 2021." (*See id.*).[2]

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Plaintiff, in this case, fails to provide both a valid reason and evidence supporting reconsideration of the Court's prior Order. Plaintiff argues that he did not receive notice of the proceedings of the matter. (*See* Mot. Reopen Case, ECF No. 18). However, according to the docket, Plaintiff received notice that his opposition to the Motion to Dismiss was explicitly due fourteen (14) days from the entry of the Minute Order. (*See* Min. Order, ECF No. 8). The Court notified Plaintiff via his provided postal address. (*See id.*). Though Plaintiff was seemingly unable to respond due to a personal illness, the record demonstrates that Plaintiff received ample notice regarding the Motion to Dismiss. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Plaintiff does not otherwise provide any unusual circumstances that would justify granting reconsideration. The Court thus finds neither clear error nor manifest injustice in the reasoning of its previous Order, and therefore, the criteria for reconsideration have not been met.

---

[2] Though not explicitly phrased as a motion for reconsideration, the Court liberally construes Plaintiff's motion as a Motion for Reconsideration. *See Erickson*, 551 U.S. at 94.

IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case, (ECF No. 18), is **DENIED**.

**DATED** this __4__ day of May, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court